IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| GLORIA S. JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No. 10-2856-SMH-dkv |
| | ) |
| CITY OF MEMPHIS, | ) |
| | ) |
|     Defendant. | ) |

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

On November 12, 2010, the plaintiff, Gloria S. Jackson ("Jackson"), proceeding *pro se*, filed a complaint against the defendant, City of Memphis ("the City"), in the United States District Court for the Northern District of Mississippi, (Compl., D.E. 1-1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (D.E. 1.) On November 29, 2010, the District Court for the Northern District of Mississippi entered an order transferring the case to the Western District of Tennessee. (D.E. 3.) On December 3, 2010, the court issued an order granting Jackson leave to proceed *in forma pauperis*, (D.E. 5), and referred the case to the *pro se* staff attorney for screening pursuant to Local Rule 4.1.

Before the court is the April 26, 2013 motion of the City seeking summary judgment as to all claims in the complaint.

(Def.'s Mot. for Summ. J., D.E. 32.) Jackson failed to file a response to the motion before the May 29, 2013 deadline. This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 31.) For the reasons set forth below, it is recommended that the City's motion for summary judgment be granted and that Jackson's complaint be dismissed in full.

I. PROPOSED FINDINGS OF FACT

Under Rule 56(c)(1) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Rule 56(e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

In evaluating a motion for summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[1]

Jackson has failed to file a response to the City's summary-judgment motion. The court, therefore, adopts the

---

[1] Even before the 2010 amendments to Rule 56, a court evaluating a summary judgment motion was not required to conduct an independent search of the record to determine whether there might be evidence to support a plaintiff's claims. *Wimbush v. Wyeth*, 619 F.3d 632, 638 n.4 (6th Cir. 2010)("The most that Buchanan may point to as far as rebutting evidence is a large package of evidence attached to her response to Wyeth's partial summary judgment motion regarding punitive damages. This evidence was not attached to her brief responding to Wyeth's merits argument, nor was it cross-referenced in that brief. Instead, Buchanan suggests that the fact that the evidence was in the record somewhere is sufficient to create a question of fact and survive summary judgment. This is simply incorrect. Even if the evidence to which Buchanan now refers was sufficient to rebut Wyeth's evidence of inadequate warning, it was Buchanan's job to point to the evidence with specificity and particularity in the relevant brief rather than just dropping a pile of paper on the district judge's desk and expecting him to sort it out."); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008)("Importantly, '[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'")(quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 479-80 (6th Cir. 1989)); *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992)("Appellants' argument that the district court erred in not searching the record sua sponte is wholly without merit. The facts presented and designated by the moving party were the facts at hand to be dealt with by the trial court.").

City's proposed factual findings to the extent they are properly supported by record evidence. FED. R. CIV. P. 56(e)(3).

For purposes of this summary-judgment motion, the court finds the following facts are undisputed:

On September 29, 1986, Jackson was hired by the Memphis Division of Sanitation Services as a City Service Fee Inspector. On December 8, 1988, the City terminated her for incompetence, failure to maintain harmonious working relationships, and insubordination. On December 9, 1988, Jackson appealed her termination to the City of Memphis Civil Service Commission, which, on January 30, 1989, unanimously upheld the termination. Jackson has not worked for the City since her termination on December 8, 1988. On May 16, 1989, Jackson filed a complaint in this court against the City of Memphis Sanitation Division, alleging incidents of race discrimination she claimed to have experienced while working there and retaliation. On or about April 16, 1992, Jackson's suit was dismissed at the conclusion of her proof.

On or about November 10, 1989, Jackson was arrested for possession of crack cocaine by the Shelby County Sheriff's Office. On January 31, 1990, the charge was *nolle prosequi*. On or about September 16, 2004, Jackson was arrested a second time and charged with domestic assault. On September 24, 2004, this second charge was also *nolle prosequi*. Although both charges

4

were dismissed, Jackson failed to have her record expunged following the dismissals of the charges.

In February 2008, Jackson applied for a job with the Tate County School District in Senatobia, Mississippi. Jackson was fingerprinted as part of the application process. Subsequently, the Federal Bureau of Investigation ("FBI") Criminal Justice Information Services Division submitted its finding to the school district, which finding revealed the two arrests. After she learned about the FBI report, Jackson visited the Shelby County District Attorney General's office. There, Jackson spoke with an unidentified female, but Jackson did not receive the FBI report from anyone with the City of Memphis. Thereafter, Jackson received a copy of the report from Tate County School District personnel.

II. PROPOSED CONCLUSIONS OF LAW

A. <u>Summary Judgment Standard</u>

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993); *Osborn v. Ashland Cnty Bd. of Alcohol, Drug Addiction & Mental Health Servs.*, 979 F.2d 1131, 1133 (6th Cir. 1992)(per curiam). The moving party has the burden of showing

5

that there are no genuine issues of material fact at issue in the case. *LaPointe*, 8 F.3d at 378. This may be accomplished by pointing out to the court that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

In response, the nonmoving party must go beyond the pleadings and present significant probative evidence to demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993); *see also LaPointe*, 8 F.3d at 378. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *LaPointe*, 8 F.3d at 378.

In deciding a motion for summary judgment, the "[c]ourt must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993)(quoting *Anderson*, 477 U.S. at 251–52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party.

*Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Patton*, 8 F.3d at 346; *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). However, to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252; *LaPointe*, 8 F.3d at 378. Finally, a court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Anderson*, 477 U.S. at 255; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

Jackson has not responded to the City's motion for summary judgment. Pursuant to local rule, failure to timely respond to a motion may be deemed good grounds for granting the motion. However, that rule does not apply to motions requesting the dismissal of a claim or action. *See* Local Rule 7.2(a)(2). Additionally, under Rule 56 of the Federal Rules of Civil Procedure, the failure to properly respond to a motion for summary judgment alone is not sufficient grounds for granting summary judgment.[2] Therefore, despite the fact that Jackson has

---

[2] The pertinent part of the rule states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party

7

not responded to the City's motion, this court must determine whether any genuine issue of material fact exists sufficient to preclude an award of summary judgment and whether the City is entitled to judgment as a matter of law. Thus, the court will not grant the motion solely because the plaintiff has failed to respond but will instead examine the defendant's filings to ensure that the defendants have established their entitlement to summary judgment in this case. *See Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 614 (6th Cir. 1998). Nevertheless, the failure to respond to a motion for summary judgment inevitably tends to hinder a plaintiff's ability to avoid summary judgment as the plaintiff will not have set forth any affidavits or other materials setting forth specific facts to show that there is a genuine issue for trial. FED. R. CIV. P. 56(c)(1).

B. <u>Age Discrimination</u>[3]

---

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party.

FED. R. CIV. P. 56(e)(emphasis added).

[3] In her deposition, Jackson stated that her case does not concern an age-discrimination claim. (Jackson Dep., D.E. 32-2 at 39-42.) Nevertheless, in her complaint, Jackson marked the box indicating an allegation that she was discriminated against on the basis of her age. (Compl., D.E. 1-1 at 3.)

Although Jackson failed to name any statute that the City allegedly violated, she presumably brings her age-discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and under the Tennessee Human Rights Act ("THRA"), alleging that the City failed to employ her, failed to promote her, fired her, and harassed her due to her age. (Compl., D.E. 1-1 at 3.) The City asserts that Jackson fails to state an age-discrimination claim, and, therefore, the claim must be dismissed. (Mem. Supp. of Def.'s Mot. for Summ. J., D.E. 32-1 at 10.)

The ADEA prohibits an employer from failing to hire, discharging, or discriminating against an individual with respect to his or her compensation or terms, conditions, or privileges of employment because of his or her age. *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009)(citing 29 U.S.C. § 623(a)(1)). A plaintiff may establish a violation of the ADEA by either direct or circumstantial evidence. *Id.* Jackson has failed to allege any direct evidence of age discrimination; therefore, her age discrimination claim is analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Geiger,* 579 F.3d at 622.

---

Consequently, the court will evaluate Jackson's age-discrimination claim to discern whether the City is entitled to summary judgment on the claim.

9

Although not raised by Jackson, in addition to the ADEA, Tennessee also has state laws prohibiting age discrimination. The Tennessee Human Rights Act ("THRA") is a "'comprehensive anti-discrimination law,' which is 'intended to further the policies embodied in the similar federal laws against employment discrimination.'" *Johnson v. Collins & Aikman Auto. Interiors, Inc.,* No. 1:02-CV-365, 2004 WL 1854171, at *3 (E.D. Tenn. Feb. 26, 2004)(quoting *Wilson v. Rubin*, 104 S.W.3d 39, 48 (Tenn. Ct. App. 2002)). Similar to federal law, the statute provides, in relevant part, that it is a discriminatory practice for an employer to "[f]ail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, *age* or national origin." Tenn. Code Ann. § 4-21-401(a)(1) (emphasis added); *cf.* 29 U.S.C. § 623(a)(1)(stating that employers are prohibited from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age).

The purpose of the THRA is to "[p]rovide for execution within Tennessee of the policies embodied in the federal Civil Rights Acts of 1964 . . . and the Age Discrimination in Employment Act of 1967 . . . ." Tenn. Code Ann. § 4-21-101(a)(1). Thus, courts "apply the same analysis to age-

discrimination claims brought under the THRA as those brought under the ADEA." *Bender v. Hecht's Dep't Stores,* 455 F.3d 612, 620 (6th Cir. 2006); *see also Dennis v. White Way Cleaners, L.P.,* 119 S.W.3d 688, 693 (Tenn. Ct. App. 2003)("Because of the commonality of purpose between the Tennessee Human Rights Act and the federal statutes, 'we may look to federal law for guidance in enforcing our own anti-discrimination laws.'"(quoting *Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 705 (Tenn. 2000))). Therefore, under both the THRA and the ADEA, plaintiff "must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs.,* 557 U.S. 167 (2009); *see also Harris v. Metro. Gov't of Nashville & Davidson Cnty.,* 594 F.3d 476, 485 (6th Cir. 2010).

To establish a prima facie case of age discrimination, a plaintiff is required to show that: (1) she was a member of a protected class; (2) she was discharged; (3) she was qualified for the position held; and (4) she was replaced by someone outside of the protected class or that similarly situated, nonprotected employees were treated more favorably. *Id.* (citing *Allen v. Highlands Hosp. Corp.,* 545 F.3d 387, 394 (6th Cir. 2008)); *Minadeo v. ICI Paints*, 398 F.3d 751, 764 (6th Cir. 2005)(citing *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002)). In the case of age discrimination, the protected

class is all workers at least forty years of age and the fourth element of the prima facie case is modified to require replacement by a significantly younger person instead of someone outside the protected class. *Harmon v. Earthgrains Baking Cos., Inc.,* No. 08-5227, 2009 WL 332705, at *4 (6th Cir. Feb. 11, 2009).

The City contends that Jackson fails to state a claim for age discrimination. As support for its position, the City points to Jackson's deposition in which she expressly admitted to having no evidence supporting a claim of age discrimination. (Mem. Supp. of Def.'s Mot. for Summ. J., D.E. 32-1 at 10.) Jackson's admission aside, she nonetheless fails to make out a prima facie case of age discrimination.

On December 8, 1988, Jackson was indeed discharged by the City, which satisfies the second element of her prima facie case. Jackson has failed, however, to introduce any evidence that she was a member of a protected class (i.e., that she was at least forty years of age at the time of her termination). Jackson has also failed to show that she was qualified for the position. In fact, as to the third element, the city offers unrefuted proof that Jackson was not qualified for the position she held, namely, that she was terminated for incompetence. Finally, as to the fourth element, Jackson has failed to introduce any evidence that she was replaced by someone outside

the protected class or that she was treated differently from someone similarly situated. Thus, there is no genuine issue of material fact, and, as a matter of law, Jackson cannot establish a prima facie case of age discrimination.

Not only has Jackson failed to make out a prima facie case of age discrimination under either the ADEA or the THRA, but any potential ADEA claim is time-barred.[4] In Tennessee, which has state laws prohibiting age discrimination, a plaintiff's ADEA claim will be dismissed as untimely if the plaintiff fails to file a charge with the EEOC within 300 days of the discriminatory action. *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375-76 (6th Cir. 2002)(citing 29 U.S.C. § 626(d)(2), which is now codified at 29 U.S.C. § 626(d)(1)(B)). The 300-day limitation period begins to run when a plaintiff has knowledge of the employment decision, practice, or action at issue, not when a plaintiff becomes aware of the consequence of the act or when she first believes it to be unlawful. *Amini v. Oberlin Coll.*, 259 F.3d 493, 499 (6th Cir. 2001); *Jenkins v. Metro Bd.*

---

[4] Although the parties do not address timeliness under the THRA, to the extent Jackson alleges a claim, it is barred by a one-year statute of limitations. *See* Tenn. Code Ann. § 4-21-311(d)("A civil cause of action under this section shall be filed . . . within one (1) year after the alleged discriminatory practice ceases . . . ."). Jackson has not been employed by the City since her termination on December 8, 1988, the time when any alleged age discrimination would have ceased and clearly more than one year before the filing of her complaint on November 12, 2010.

*of Educ.,* No. 3:12-0062, 2012 WL 874718, at *3 (M.D. Tenn. March 14, 2012). The Sixth Circuit has repeatedly held that the limitations period begins to run when the allegedly discriminatory act is communicated to the plaintiff, not when the facts which support a claim of discrimination become reasonably apparent. *Walker v. Donahoe,* No. 11-12812, 2012 WL 3060935, at *5 (E.D. Mich. July 26, 2012) (citing *Amini*, 259 F.3d at 499).

In her complaint, Jackson asserts that the alleged discriminatory acts began during the year 1989. (Compl., D.E. 1-1 at 2). Further, Jackson admits that her EEOC charge was filed in March 2010. (*Id.*) Jackson's EEOC charge was clearly filed more than 300 days after she learned of the alleged discriminatory act, and, therefore, was untimely.

Finally, Jackson failed to attach to her complaint the charge of discrimination that she filed with the EEOC and the Notice of Right to Sue that the EEOC issued to her. Thus, Jackson has failed to demonstrate that she has exhausted her administrative remedies on her claim of discrimination. Exhaustion of administrative remedies is a prerequisite to the filing of an employment discrimination case. *See generally Zipes v. Trans World Airlines,* 455 U.S. 385, 393 (1982); *Parsons v. Yellow Freight Sys., Inc.,* 741 F.2d 871 (6th Cir. 1984). Although she states in her complaint that she filed

discrimination charges with the EEOC in March 2010 and that she received her right-to-sue letter on September 22, 2010, Jackson's own statements are not enough for present purposes to demonstrate that she exhausted her administrative remedies. *See Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990)(stating that a party opposing summary judgment "must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts").

C. <u>Retaliation</u>

Jackson also asserts in her complaint that the city retaliated against her for filing a race-discrimination complaint against the City of Memphis Sanitation Division in May 1989. (Compl., D.E. 1-1 at 3.) Jackson claims the action that constituted the alleged retaliation is the FBI background report that revealed her arrests in 1989 and 2004 by the Shelby County Sheriff's Office. However, on the face of her present complaint, which is a court-issued form complaint, Jackson fails to indicate any statutory basis for the retaliation claim. The court assumes, based on the fact that her 1989 complaint was under Title VII, that she intends to bring her retaliation claim pursuant to Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a), which provides the following:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an

unlawful employment practice by this subchapter, or because he was made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

In order to set forth a prima facie case for retaliation, a plaintiff must demonstrate that: (1) she engaged in an activity protected by Title VII; (2) the defendant knew the plaintiff engaged in protected activity; (3) the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997)(citing *Wrenn v. Gould,* 808 F.2d 493, 500 (6th Cir. 1987)). Title VII-protected activity includes opposing a practice made unlawful by Title VII or filing a charge, testifying, assisting, or participating in a Title VII proceeding or investigation. 42 U.S.C. § 2000e-3(a). In order to establish a causal connection between a plaintiff's protected activity and the challenged action, the plaintiff must "proffer evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." *Id*. at 861 (citing *Zanders v. Nat'l R.R. Passenger Corp.,* 898 F.2d 1127, 1135 (6th Cir. 1990)).

The City asserts that Jackson cannot establish the essential elements of a prima facie case of retaliation. This

court agrees. Jackson filed a discrimination suit in May 1989 against the Memphis Sanitation Division after her termination in December 1988. That matter was dismissed at the close of Jackson's proof at trial. In filing that suit, Jackson did indeed engage in activity protected by Title VII. *See Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 274 (2009)(stating that it is an unlawful employment practice for an employer to discriminate against an employee because the employee has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII). However, Jackson fails to establish the other elements of her prima facie case. There is no evidence that the City took any adverse employment action against Jackson. The fact that Jackson was twice arrested and that these arrests resulted in her having a criminal record is decidedly not proof of any adverse employment action. In fact, Jackson was not even employed with the City at the time of her first arrest and the creation of her criminal record. Additionally, it was the FBI, not the City, who disclosed Jackson's criminal record FBI upon the request of the Tate County School District. Jackson has presented no evidence that the City took any action with regard to the transmission of her background check from the FBI to the Tate County School District. Therefore, Jackson has not established any adverse

employment action and has necessarily failed to show a causal link between the protected activity of filing her lawsuit in 1989 and any adverse employment action. Thus, Jackson's retaliation claim fails as a matter of law.

D. Defamation

The City also seeks summary judgment on Jackson's state-law claim of defamation. (Mem. Supp. of Def.'s Mot. for Summ. J., D.E. 32-1 at 10.) In her complaint, Jackson alleges that the FBI background report constituted defamation on the part of the City. (Compl., D.E. 1-1 at 3.) The City contends that Jackson's defamation claim lacks merits and, as such, should be dismissed. (Mem. Supp. of Def.'s Mot. for Summ. J., D.E. 32-1 at 10.) This court agrees.

To set forth a prima facie case of defamation in Tennessee, a plaintiff must demonstrate that: (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). Under Tennessee law, "'publication' is a term of art meaning the communication of defamatory matter to a third person." *Id.* (citing *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn. 1994)).

In her deposition, Jackson admitted that her defamation claim is limited to the FBI criminal background check. (Jackson Dep., D.E. 32-2 at 30-31.) Jackson, however, has produced no evidence identifying even a single defamatory statement that the City made with knowledge that it was false. Further, with regard to the FBI criminal background check, Jackson has no evidence that anyone employed with the City sent her arrest information to the FBI. Therefore, Jackson has not shown the City made, i.e., published, any statements about Jackson. Finally, Jackson concedes the accuracy of the information contained within the background check as she admits that she was arrested for the crimes indicated. Thus, there is no genuine issue of material fact, and, as a matter of law, Jackson has failed to establish a claim for defamation against the City.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the City's motion for summary judgment be granted and that Jackson's complaint be dismissed in full.

Respectfully submitted this 1st day of July, 2013.

S/ Diane K. Vescovo<br>
Diane K. Vescovo<br>
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.